UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNENSAIKHAN CHULUUNBAT, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC; AND TRANSUNION DATA SOLUTIONS, LLC., <br><br> Defendants. | No. 19 C 8291 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Unensaikhan Chuluunbat brought this action against defendants Portfolio Recovery Associates, LLC ("PRA") and Trans Union, LLC ("TransUnion"), incorrectly identified as TransUnion Data Solutions, LLC, for violation of the Fair Credit Reporting Act ("FCRA" or the "Act"), 15 U.S.C. § 1681 *et seq*. TransUnion moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). R. 47. For the following reasons, that motion is granted.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The standard applied to motions under Rule 12(c) is the same standard applied to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. Civ. P. 8(a)(2). Through this statement, defendants must be provided with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Mr. Chuluunbat incurred a debt on a consumer credit card issued by Synchrony Bank ("the Debt"). R. 1 ¶ 11. Sometime in early 2019, PRA, a debt collection agency, began reporting the Debt as though it was the owner. *Id.* ¶¶ 6, 12-13. But according to the complaint, PRA did not own the Debt.[1] *Id.* ¶ 14. In September 2019, Mr. Chuluunbat sent a letter to PRA stating that its reporting was not accurate. *Id.* ¶ 15. PRA responded later that month with certain documentation it said evidenced the Debt's validity. *Id.* ¶ 18. But the information did not demonstrate that

---

[1] TransUnion's reply brief indicates that PRA has since provided Mr. Chuluunbat with the purchase agreement demonstrating that PRA does own the Debt.

PRA owned the Debt, and PRA continued to furnish data regarding the Debt to each of the major credit bureaus. *Id.* ¶¶ 19, 22.

In October 2019, counsel for Mr. Chuluunbat sent a letter to TransUnion, a consumer reporting agency ("CRA") that assembles and evaluates consumer credit information for use in credit reports. *Id.* ¶¶ 9-10, 23. The letter asserted that PRA did not own the Debt, and requested that it be removed from Mr. Chuluunbat's credit reports as inaccurate. *Id.* ¶¶ 23-24, 60. Shortly thereafter, TransUnion contacted PRA about the dispute, and PRA responded via an automated consumer dispute verification.[2] *Id.* ¶¶ 70, 72. TransUnion relied upon that verification without further inquiry, continuing to include allegedly inaccurate information about the Debt on Mr. Chuluunbat's credit report without noting the dispute. *Id.* ¶¶ 71-74.

Mr. Chuluunbat asserts a claim against TransUnion under Sections 1681e(b) and 1681i(a) of the FCRA for failure to conduct a reasonable and proper reinvestigation into the allegedly inaccurate information on Mr. Chuluunbat's credit report, and/or delete the same information from his file.[3] Although not at issue here, the complaint also asserts a claim against PRA for furnisher liability. TransUnion now moves for judgment on the pleadings, arguing that the complaint fails to, and

---

[2] An "automated consumer dispute verification" is an electronic form initiated by CRAs on behalf of consumers that is then routed to the appropriate data furnisher with any updated information on the consumers credit history. *See* Consumer Fin. Prot. Bureau, Key Dimensions and Processes in the U.S. Credit Reporting System (Dec. 2012), available at https://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf.

[3] Mr. Chuluunbat's complaint makes similar allegations with respect to Experian Information Solutions, Inc., another CRA. But Mr. Chuluunbat voluntarily dismissed Experian from the case. R. 25.

indeed cannot as a matter of law, allege the kind of inaccuracy the FCRA requires it to investigate and correct.

## Analysis

Section 1681e(b) of the FCRA requires a CRA preparing a credit report to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer disputes information contained in his credit report, the CRA must conduct "a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." *Id.* § 1681i(a). It follows that "[t]o state a claim under the Act's accurate reporting (§ 1681e) and reinvestigation provisions (§ 1681i), the consumer must sufficiently allege that his credit report contains *inaccurate* information." *Humphrey v. Trans Union LLC,* 759 Fed. App'x 484, 488 (7th Cir. 2019) (emphasis in original); *Denan v. Trans Union, LLC*, 959 F.3d 290, 294, 296 (7th Cir. 2020). But "CRAs are not a tribunal sitting to resolve legal disputes," so they need only investigate factual inaccuracies. *Humphrey*, 759 Fed. App'x at 488; *see also Denan*, 959 F.3d at 295 (CRAs have no duty "to determine the legality of a disputed debt").

The FCRA does not define the scope of "inaccuracies" to which a CRA's obligations apply. But courts have construed factually inaccurate information for purposes of the Act to include "inaccurate amounts, tradeline items not immediately removed once vacated, and inaccurately updated loan terms." *See Rodas v. Experian*

4

*Info. Sols., Inc.,* 2020 WL 4226669, at *2 (N.D. Ill. July 23, 2020) (citing *Zahran v. TransUnion Corp.*, 2003 WL 1733561, at *4 (N.D. Ill. Mar. 28, 2003)). On the other hand, legal inaccuracies to which a CRA's obligations do not apply include "the validity of debt or a dispute regarding to whom the debt was assigned." *Id.* (citing *Denan*, 959 F.3d at 295 and *Scheel-Baggs v. Bank of Am.*, 575 F. Supp. 2d 1031, 1042 (W.D. Wis. 2008)).

TransUnion argues that the complaint only lodges "improper collateral attacks on the legal validity" of the Debt, and does not allege a factual inaccuracy. R. 47 at 1; 48 at 6. In response, Mr. Chuluunbat contends that his claim does not concern the Debt's validity at all; rather, it concerns whether PRA owns the Debt, an issue he characterizes as "a pure question of fact" that TransUnion could resolve easily by requesting proof of ownership from PRA. R. 52 at 1-2.

But TransUnion is not obligated to take that step, even assuming Mr. Chuluunbat's characterization of his claim is correct. Indeed, and as TransUnion notes, several courts in this District have already held on near-identical facts— including in a lawsuit brought by Mr. Chuluunbat himself—that the question of debt ownership raises legal issues to which a CRA's obligations under the FCRA do not apply. And those courts uniformly disposed of claims against CRAs on that basis. *See, e.g.*, *Chuluunbat v. Cavalry Portfolio Servs., LLC*, 2020 WL 4208106, at *3 (N.D. Ill. July 22, 2020) (granting CRA's motion to dismiss and holding that ownership of the debt at issue was a "mixed question of law and fact" to which the FCRA's obligations did not apply); *Soyinka v. Equifax Info. Servs., LLC*, 2020 WL 5530133, at *5 (N.D.

5

Ill. Sept. 15, 2020) (granting CRAs' motions to dismiss because plaintiff's argument over debt ownership was not a "discrete issue" that the CRAs could be expected to resolve); *Hoyos v. Experian Info. Sols., Inc.,* 2020 WL 4748142, at *3 (N.D. Ill. Aug. 17, 2020) (granting CRAs' motions to dismiss and for judgment on the pleadings, reasoning that until a court determined the legal issue of who owned plaintiff's debt, plaintiff could not assert ownership as a factual inaccuracy); *Molina v. Experian Info. Sols., Inc.*, 2020 WL 4748149, at *3 (N.D. Ill. Aug. 17, 2020) (granting CRA's motion for judgment on the pleadings on the same grounds); *Sobenes v. TransUnion Data Solutions*, 2021 WL 214640, at *3 (disputed ownership of a debt "does not give rise to a factual inaccuracy; rather, this is a defense to the debt, which must be resolved in a lawsuit").

In so holding, the courts relied largely upon the Seventh Circuit's decision in *Denan*, a case concerning the validity of debts incurred with online payday lenders at exorbitant interest rates. 959 F.3d at 292-93. Instead of suing the lenders themselves, the *Denan* plaintiffs sued the CRA for posting the debts. *Id.* at 293. But the court held that CRAs are not tribunals equipped to resolve legal issues like debt validity, and affirmed judgment for the CRA for plaintiffs' failure to allege a factual inaccuracy that it must investigate. *Id.* at 293, 295. The court explained that the FCRA imposes obligations on furnishers (like PRA) and CRAs (like TransUnion) that are "consistent with their respective roles in the credit reporting market." *Id.* at 294. So while it made sense to require furnishers to ensure that debt information accurately reflects liability because "they assumed the risk and bear the loss of unpaid debt," and "are

6

in a better position to determine the legal validity of a debt," the same could not be said of CRAs, which simply collect and compile consumer information and then report it to authorized users. *Id.* at 294-95.

Mr. Chuluunbat argues that the courts that relied upon *Denan* to hold that a dispute about debt ownership raises a legal, rather than factual, inaccuracy, wrongfully expanded *Denan*'s otherwise "narrow" holding. R. 52 at 6. But the Court disagrees. As in *Denan*, obligating TransUnion to resolve the ownership issue here would involve multiple legal determinations, including "whether there exists an instrument through which ownership of the debt was transferred to [PRA], whether the instrument was properly executed, and whether the instrument is legally enforceable." *Chuluunbat*, 2020 WL 4208106, at *3. And "the power to resolve [these issues] exceeds the competencies of the credit reporting agencies." *Id.*; *see also Juarez v. Experian Info. Sols., Inc.*, 2020 WL 5201798, at *4 (N.D. Ill. Aug. 31, 2020) ("[w]hether [the furnisher] has sufficient evidence to demonstrate that it owns the Debt under applicable state law is precisely the type of decision for a court to make in a lawsuit between [the furnisher] and [the consumer]").

Mr. Chuluunbat next argues that the district court cases run afoul of the Seventh Circuit's holding in *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714 (7th Cir. 2003). But while the court in *Chemetall* held that the assignment of a right is "a manifestation of the assignor's intention to transfer" and intent is "a question of fact," that case concerned a contract claim, not the FCRA. 320 F.3d at 720-21. And courts considering FCRA claims have declined to follow the logic of decisions that do not

7

implicate the Act. And for good reason; the determination is context-specific. *See Soyinka*, 2020 WL 5530133, at *4 (explaining that *Chemetall* was deceiving because "the contours of the law-fact distinction vary depending on context"); *Amorah v. Equifax Info. Servs., LLC*, 2020 WL 6565220, at *3 (N.D. Ill. Nov. 9, 2020) ("Assignment of a right may have been a question of fact [in *Chemetall*], but that conclusion doesn't map onto Amorah's case. An issue might present a fact question in another context, but still exceed the competency of a credit reporting agency for purposes of the FCRA's accuracy requirement."); *Cowans v. Equifax Info. Servs., LLC*, 2020 WL 7042900, at *3 (N.D. Ill. Nov. 30, 2020) (declining to follow the logic of another breach of contract decision that involved ownership of a corporation, not a debt); *see also Chuluunbat*, 2020 WL 4208106 at *3 (same).

Mr. Chuluunbat also points to several decisions outside of this District to support his claim that debt ownership is a simple question of fact. But none are on point or particularly persuasive. Indeed, both *Ohlson v. Cadle Co.*, 2006 WL 721505 (E.D.N.Y. Mar. 21, 2006) and *Johns v. Wells Fargo Bank, N.A.*, 2015 WL 9238957 (S.D. Ala. Dec. 17, 2015) concerned Fair Debt Collection Practices Act claims against debt purchasers, not CRAs. And the Illinois state court case Mr. Chuluunbat cites considered bank account ownership in the context of a recovery citation proceeding, not a CRA's obligations under the FCRA. *See Farrahkan v. First Pac. Bank*, 463 N.E.2d 732, 734 (Ill. App. Ct. 1984).

Next, Mr. Chuluunbat cites two district court cases from Missouri: *Campbell v. Experian Information Solutions, Inc.*, 2009 WL 3834125 (W.D. Mo. Nov. 13, 2009),

8

and *Murphy v. Midland Credit Management, Inc.*, 456 F. Supp. 2d 1082 (E.D. Mo. Oct. 11, 2006)). But although both were brought under the FCRA, as Mr. Chuluunbat acknowledges, their "focus [was] on a consumer's dispute of the debtor-side ownership of the account." R. 52 at 8. Moreover, the defendants did not argue that the dispute at issue "was a legal inaccuracy not governed by § 1681e(b) or § 1681i(a)," "so there was no reason for the courts . . . to consider that argument." *Juarez*, 2020 WL 5201798, at *4.

Finally, Mr. Chuluunbat suggests that judgment for TransUnion would "unreasonably limit[ ] the scope of consumer disputes under the FCRA," such that "the entire purpose of the statute is subverted." R. 52 at 8. But the Court does not perceive this to be the case; indeed, the proper avenue for relief is via a suit against PRA, not the CRA. *Juarez*, 2020 WL 5201798 at *4.

In sum, the Court agrees with the numerous other courts in this District that have held that unless and until "a court concludes that [PRA] does not own [Mr. Chuluunbat's] debt," and TransUnion continues to report that it does, Mr. Chuluunbat "cannot pursue claims under . . . the FCRA on the basis that [TransUnion's] report of ownership is inaccurate." *Harris v. Equifax Info. Serv., LLC*, 2020 WL 66489, at *5 (Jan. 7, 2021) (citing *Molina*, 2020 WL 4748149, at *3). Accordingly, judgment for TransUnion is proper.

## Conclusion

For the foregoing reasons, TransUnion's motion for judgment on the pleadings is granted. R. 47.

9

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Date: February 17, 2021